# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01458-NYW-TPO

BRIX REAL ESTATE, LLC,

 Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, and
RUDY SCHOENBEIN,

 Defendants.

---

## MINUTE ORDER

---

Entered by Judge Nina Y. Wang

 This matter is before the Court on Plaintiff's Motion to Amend Complaint ("Motion" or "Motion to Amend"). [Doc. 18, filed July 22, 2025].[1] Defendant Safeco Insurance Company of America ("Defendant" or "Safeco") has responded in opposition. [Doc. 28]. Defendant Rudy Schoenbein ("Mr. Schoenbein") has neither responded nor appeared in this lawsuit. Plaintiff Brix Real Estate, LLC ("Plaintiff" or "Brix") has replied. [Doc. 29]. For the reasons set forth below, the Motion to Amend is respectfully **GRANTED**.

 This case stems from a fire at a residential rental property in Littleton, Colorado (the "Property"). [Doc. 5 at ¶ 6]. The Property was insured under a landlord policy issued by Safeco (the "Policy"). [*Id.* at ¶ 7]. Brix managed the Property and was listed as an "additional interest" on the Policy. [*Id.* at ¶¶ 7–8]. The Policy contains an appraisal provision, which Brix invoked after Safeco provided a "grossly inadequate" initial estimate for the property damage. [*Id.* at ¶¶ 9–12]. Mr. Schoenbein was appointed as umpire for the appraisal. [*Id.* at ¶ 14]. Brix alleges that Safeco engaged in various "dilatory tactics" during the appraisal process, and that Mr. Schoenbein exhibited bias toward Safeco and ultimately issued a flawed appraisal decision. [*Id.* at ¶¶ 13, 15–17]. In the operative Amended Complaint, Brix asserts claims against Safeco for breach of contract, statutory and common law bad faith, and violation of the Colorado Consumer Protection Act. [*Id.* at ¶¶ 20–33, 43–48]. Brix also brings a negligence claim against Mr. Schoenbein and a conspiracy claim against both Mr. Schoenbein and Safeco. [*Id.* at ¶¶ 34–42]. Originally

---

[1] The Scheduling Order in this case set the deadline for amendment of pleadings as September 30, 2025. [Doc. 26 at 11]. Thus, the Court considers the instant Motion timely and need not consider whether Plaintiff could satisfy the elevated "good cause" standard under Federal Rule of Civil Procedure 16(b)(4). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014).

filed in state court, this case was removed to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. 1].

Brix now moves to amend its Complaint. [Doc. 18]. Brix seeks to dismiss its claims against Mr. Schoenbein—thus removing him as a party to this lawsuit—and add a claim against Safeco for declaratory relief and vacatur of the appraisal award (the "vacatur claim"). [*Id.* at ¶ 6]; *see also* [Doc. 18-1 at ¶¶ 3–4, 40–43]. Safeco "does not object . . . to the dismissal of Defendant Rudy Schoenbein as a party to this action." [Doc. 28 at 8]. Accordingly, the Motion to Amend is **GRANTED** as unopposed as to Plaintiff's claims against Mr. Schoenbein. Safeco does, however, assert that adding the vacatur claim would be futile because it is untimely under Colorado law and fails to state a claim. [*Id.* at 4–8]. The Court addresses the Parties' arguments as to the vacatur claim below.

I.    **Legal Standard**

Under Rule 15(a), the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-movant bears the burden of showing that the proposed amendment is improper, *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotation omitted). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Id.* But where a complaint is not "patently futile on its face," courts in this District are disinclined to deny a motion to amend on futility grounds. *See, e.g.*, *Combs v. Nordstrom, Inc.*, No. 22-cv-00150-RMR-NRN, 2022 WL 2865985, at *4 (D. Colo. July 21, 2022), *objection overruled*, 2022 WL 17534122 (D. Colo. Aug 17, 2022); *Electro-Mechanical Prods, Inc. v. Alan Lupton Assocs.*, No. 22-cv-00763-PAB-SBP, 2023 WL 5152627, at *3 (D. Colo. July 10, 2023) ("Denying a motion to amend based on futility is uncommon in this District and usually involves claims that are facially unsupported in the proposed amendment."). "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief," courts routinely exercise their discretion under Rule 15(a) to permit amendment over a futility argument and reserve substantive issues for Rule 12 or Rule 56 motions. *See, e.g.*, *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (Ebel, J.); *Pollack v. Boulder Cnty.*, No. 17-cv-02444-CMA-NRN, 2019 WL 1292858, at *4–5 (D. Colo. Mar. 21, 2019); *Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019). Considerations of judicial economy often favor reserving issues of futility so the Parties can fully brief the substantive legal issues. *Stender v. Cardwell*,

2

No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (declining to reach futility arguments in order to "preserv[e] [the court's] scarce resources").

## II.   Discussion

Safeco first argues that the vacatur claim is futile as untimely.  Safeco asserts that Colorado courts—including this Court—have applied the procedures set out in the Colorado Uniform Arbitration Act ("CUAA") to challenges to appraisal awards.  [Doc. 28 at 4–5 (citing *Bertisen v. Travelers Home & Marine Ins. Co.*, No. 20-cv-03650-NYW-STV, 2023 WL 5822504 (D. Colo. Sept. 8, 2023))].  When a party seeks to modify or vacate an award—here, an appraisal award—the CUAA generally requires the party to lodge its challenge to the award within 91 days of receiving notice of the award.  Colo. Rev. Stat. §§ 13-22-223(2), 13-22-224(1).  But when a party alleges that "the award was procured by corruption, fraud, or other undue means," the challenge to the award may be made within 91 days "after either the ground is known or by the exercise of reasonable care should have been known."  § 13-22-223(2).

Safeco contends that the vacatur claim would be untimely because Brix failed to challenge the appraisal award within 91 days of receiving notice of the award.  [Doc. 28 at 5].  But as Brix points out, Safeco fails to address the extended deadline that applies if the award is "allege[d]" to result from "corruption, fraud, or other undue means."  [Doc. 29 at 3].  Brix claims in its Reply that it properly moved to add the vacatur claim within 91 days of "discover[ing] potential corruption, undue means, or mistake."  [*Id.*].  Safeco has not yet had an opportunity to respond to this argument.  Moreover, Safeco fails to address whether its timeliness argument qualifies as an affirmative defense.  If this argument is an affirmative defense, it may only provide grounds for dismissal under Rule 12(b)(6) if the merit of the defense is "apparent on the face of the complaint."  *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008).

Safeco's second, more general futility argument boils down to its assertion that Brix's allegations reflect nothing more than mere "dissatisfaction with the Appraisal Award."  [Doc. 28 at 7].  Upon review of the factual allegations in the proposed Second Amended Complaint, [Doc. 18-1], the Court cannot conclude that the proposed vacatur claim is "patently futile on its face" as to this point, *see Combs*, 2022 WL 2865985, at *4.  As with the timeliness issue, the Court finds that the sufficiency of Brix's allegations is better addressed through a Rule 12 motion, with the benefit of more fulsome briefing.  *See, e.g., id.* ("It is fairer to allow Plaintiff[] to have the opportunity to fully brief the viability of [its] claim against [Defendant] in the context of responding to a formal motion to dismiss, rather than addressing this dispositive question in the context of a motion to amend.").

Finally, the Court observes that considerations of judicial economy favor permitting the proposed amendment.  *See* Fed. R. Civ. P. 1.  The facts underlying the vacatur claim overlap substantially with Brix's other claims against Safeco.  Even if the Court denied the addition of the vacatur claim, Brix's other claims against Safeco would still proceed to discovery and would presumably be subject to further motions practice.  Judicial economy

3

counsels against addressing Brix's claims in such a piecemeal manner. And, importantly, Safeco does not argue that it would be prejudiced by the amendment. *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006) ("The . . . most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party."); *Stender*, 2011 WL 1235414, at *3 (finding opposition to amendment "grievously weakened" by lack of prejudice and reserving futility issues for future motion to dismiss).

Accordingly, the Court finds it appropriate to permit Brix to file the proposed Second Amended Complaint. To the extent Safeco believes the proposed Second Amended Complaint fails to state a plausible claim for relief, it may raise that argument in a forthcoming motion. For now, the Motion to Amend is respectfully **GRANTED**. And because the Parties' ongoing conferral has evidently resulted in further changes to Plaintiff's claims, *see* [Doc. 28 at 2; Doc. 29 at 5 ("Plaintiff will remove its request for punitive damages from the Second Amended Complaint.")], Plaintiff is **ORDERED** to file an updated, operative version of its Second Amended Complaint no later than **February 5, 2026**. Plaintiff shall also file a redlined version of the Second Amended Complaint that complies with Local Civil Rule 15.1(b). *See* D.C.COLO.LCivR 15.1(b).

For these reasons, **IT IS ORDERED** that:

(1)　Plaintiff's Motion to Amend Complaint [Doc. 18] is **GRANTED**;

(2)　Rudy Schoenbein is **DISMISSED** as a defendant in this action; and

(3)　No later than **February 5, 2026**, Plaintiff **SHALL FILE** its Second Amended Complaint, with a redlined copy attached in compliance with D.C.COLO.LCivR 15.1(b).

DATED: February 2, 2026